(No. 22512.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE ROCHE, Plaintiff in Error.

*Opinion filed December 17, 1934.*

S. B. McDONNELL, JR., (ELWYN E. LONG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error waived a jury and pleaded guilty in the criminal court of Cook county to an indictment charging him with an assault to rob Caroline Porod on October 21, 1933. On a hearing on that plea Caroline Porod testified that as she was on that day dusting the office where she was employed two men came in. One stood at her desk and the other walked down the aisle with a brief case under his arm. One of them she identified as plaintiff in error. The other was not in the court room. She testified that plaintiff in error seized her by the arm and asked

her where the money was and she told him she did not know, and that the other man had a gun in his hand and told them all to stand in the corner. The evidence also shows that the money was actually in the possession of another employee, who escaped by way of the rear stairs.

Plaintiff in error testified. He said that the reason he was there with Bree, the other man charged in the indictment, was that he was in need of money; that he took a chance of making money and lost, and that he had never committed any other crime. He also stated that when he came out of the premises on that day the officers arrested him; that he had gone there with Bree, and that they were supposed to get money but did not get any. He testified that he tried to take money from the girl, evidently meaning Caroline Porod, and asked her where it was and she said she did not know; that the girls were all screaming and went down-stairs, and when he was arrested he had a gun in his belt, which he got from Bree. He testified on cross-examination that he knew it was pay-day at the place which they entered; that before going there he knew where they were to go, and that they had been watching the place for about two weeks.

Plaintiff in error argues here that the court should have granted his motion in arrest of judgment, and that the conviction should have been set aside on a petition filed by him some time after the trial and denied, which his counsel characterizes as a petition for the correction of errors in fact. He also argues that there was no attempt to rob Caroline Porod, because she did not have the money. We are unable to follow counsel in argument. The essence of robbery is the taking of property from the person of another by force or intimidation. An attempted robbery is an attempt to so take property. This argument does not require further attention.

Nor was there in the petition characterized as a petition for correction of errors of fact any basis or justification

488

for setting aside the judgment. Plaintiff in error pleaded guilty. The hearing of evidence was upon that plea. He took the stand and stated that his purpose on the premises was to rob the place, and that he was prevented from so doing by the screaming of the girls. He testified that he had a gun when arrested, and that he had watched the place for favorable opportunity to rob it. No fraud or mistake is alleged in the petition which prevented the presentation of any defense he may have had, nor is there averred in the petition any fact of which the court was ignorant at the time of the hearing, and which, if known, would have caused the court to change its decision. There is no averment in this petition that the defendant is not guilty.

There is no error in this record, and the judgment is affirmed.

*Judgment affirmed.*